ÆTNA CASUALTY AND SURETY COMPANY, Respondent, *v.* WORLD WIDE RENT-A-CAR, INC., Appellant, et al., Defendants.

First Department, November 28, 1967.

*Benjamin Heller* of counsel (*Cymrot, Wolin & Simon,* attorneys), for appellant.

*Martin M. Baxter* of counsel (*William H. Williamson, Jr.,* with him on the brief; *J. Robert Morris,* attorney), for respondent.

STEVENS, J. This is an appeal by World Wide Rent-A-Car, Inc. (World Wide) from an order and judgment entered January 25, 1967 which declared that World Wide had the primary coverage for an accident which occurred October 23, 1960, and the policies of insurance of Sun Insurance Company of New York (Sun) and of the Ætna Casualty and Surety Company (Ætna) respectively, to be excess over the coverage of World Wide.

World Wide, a lessor of vehicles, is self-insured. It leased an automobile to Lifetime Pools Equipment Corp. (Lifetime) for a period of 18 months. By the terms of the lease agreement it was provided that the operator of the leased vehicle must be a licensed operator and over the age of 21 years; otherwise, any

operation of such vehicle would be without the consent of the lessor, and the lessee would indemnify lessor for any damages resulting from a violation of that clause.

Sun issued a nonownership (hired car) policy to Lifetime covering any hired cars for a period of May 1, 1960 to May 1, 1961.

Ætna issued a family automobile policy to Peter Cattano, the president of Lifetime, for the period June 5, 1960 to June 5, 1961, covering a different vehicle from that leased by Lifetime. Such policy included coverage of a nonowned vehicle if a relative were operating such vehicle with the permission of the owner.

Peter Cattano permitted his son, Joseph Cattano, an infant, to operate the leased vehicle on October 23, 1960. While being so operated the car was involved in a collision with another vehicle owned and operated by one Joseph L. Jordan. Thereafter Jordan instituted suit against Joseph Catano, World Wide and Lifetime for damages for personal injuries.

World Wide as a self-insurer is defending itself. Lifetime is being defended by Sun. Both refused to defend Joseph Cattano. Ætna assumed the defense of Cattano but with a full reservation of rights. Thereafter Ætna instituted this suit for a declaratory judgment seeking a determination of the rights of the parties and who, if any one, owed coverage to Joseph Cattano.

Special Term adjudged that World Wide has the primary coverage, and the policies of Ætna and Sun were excess over the coverage of World Wide. It is from such determination that World Wide appeals.

World Wide, in order to obtain a certificate of self-insurance, was required to have more than 25 motor vehicles registered in its name and to satisfy the Commissioner of Motor Vehicles that it "possessed and will continue to be possessed of financial ability to respond to judgments" obtained against it arising out of the ownership, maintenance, use and operation of its motor vehicles (Vehicle and Traffic Law, §§ 316, 311, subds. 3 and 4 [par. (a)]). In other words the chief requisite to be classed as a self-insurer is the ability to respond to judgments obtained against it, plus registration of at least a minimum number of vehicles. A certificate of self-insurance can in nowise be equated with an insurance contract or policy.

Subdivision 1 of section 41 of the Insurance Law states, in part, that the term "insurance contract" (with exceptions not material here) is "deemed to include any agreement or other transaction whereby one party, herein called the insurer, is

obligated to confer benefit or pecuniary value upon another party, herein called the insured or beneficiary, dependent upon the happening of a fortuitous event in which the insured or beneficiary has, or is expected to have at the time of such happening, a material interest which will be adversely affected by the happening of such event '', while subdivision 3 defines the term '' doing an insurance business '' as including '' (a) the making, as insurer, or proposing to make as insurer, of any insurance contract '', etc.

Under section 316 of the Vehicle and Traffic Law a self-insurer pays an annual fee, in addition to any other prescribed fee, for each vehicle registered in his name. The aggregate amount of such fees is applied to reduction of assessments levied pursuant to section 317. Section 317 provides for prorata assessments upon insurance carriers in proportion to the gross direct premiums less return premiums, etc., which moneys are to be used in connection with the expenses of administering article 6 of the Vehicle and Traffic Law. In other words there is a recognized distinction in both the Insurance Law and the Vehicle and Traffic Law between self-insurers and insurance carriers. Self-insurers, by an amendment in 1963 to section 316 of the Vehicle and Traffic Law, pay a further fee for each registered vehicle which sum is transmitted to the Motor Vehicle Accident Indemnification Corporation (MVAIC). Insurance carriers which write liability insurance in connection with motor vehicles are members of MVAIC and pay assessments levied against them (Insurance Law, §§ 602, 607).

Obviously, with respect to the accident involved and any claim arising therefrom, World Wide did not undertake to insure third parties against liability, particularly when the operation of the vehicle involved was without its consent and in violation of the terms of the lease. As an owner (Vehicle and Traffic Law, § 128) it had every right to refuse consent to operate or to condition its consent upon stated conditions. It should be remembered that the basic question here is who, if anyone, has the obligation to defend Cattano.

Lifetime, having leased the vehicle for a period in excess of 30 days for its exclusive use, might fairly be considered the owner thereof within the meaning of section 128 of the Vehicle and Traffic Law, and consequently subject to liability (Vehicle and Traffic Law, § 388, subd. 3). Sun undertook to insure Lifetime with coverage of the leased car.

Ætna's policy gave primary coverage to Peter Cattano's private car and covered a nonowned car only if such car was being operated with the permission of the owner. On any

view of the facts Ætna does not afford primary coverage and has no obligation to defend. World Wide, as the title owner as distinguished from the owner by provision of law (Vehicle and Traffic Law, § 128), did not consent to operation of the car by Joseph Cattano, and operation by Cattano was in breach of the terms of the lease.

The order and judgment entered January 25, 1967, herein appealed from, should be modified on the law to declare. that the policy of insurance issued by Sun furnishes the only coverage for the accident; and World Wide and Ætna are not required to defend or pay any judgment against Cattano. As so modified the order and judgment appealed from should be otherwise affirmed, with costs to appellant.

BOTEIN, P. J., CAPOZZOLI and RABIN, JJ., concur.

Order and judgment (one paper) unanimously modified, on the law, to declare that the policy of insurance issued by Sun Insurance Company of New York furnishes the only coverage for the accident; and World Wide Rent-A-Car, Inc. and the Ætna Casualty and Surety Company are not required to defend or pay any judgment against Joseph Cattano, and, as so modified, affirmed, with $50 costs and disbursements to appellant.