■ ROSARIO GUERCIO, Appellant, v HERTZ CORPORATION, Respondent.—In an action by one who had leased an automobile, against the owner-lessor, a self-insurer, to recover the amount of a judgment rendered against the driver for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated March 4, 1975, which denied his motion for summary judgment. Order reversed, on the law, without costs, motion granted and judgment directed to be entered in favor of plaintiff and against defendant, the Hertz Corporation, in the amount of $75,292.86, plus interest. In January, 1968 plaintiff, Guercio, was seriously injured as a result of an accident which occurred while the leased vehicle was being driven by his friend, Raymond Frost, who was under the age of 21 years. In late 1970 the defendant in this action, Hertz, sued Guercio and Frost in the Civil Court of the City of New York to recover for the damage to the vehicle. Frost was charged with negligence in the operation of the vehicle and Guercio with breach of the rental contract (allowing an unauthorized [underage] individual to drive the vehicle). The jury was instructed, in accordance with the proffered defense, that if Hertz had actually granted permission to Guercio's underage friends to operate the vehicle, the verdict must be for Guercio. The jury so found and the trial court dismissed the complaint against Frost (who had defaulted in appearing in the action) on the ground that he was protected by the collision damage waiver in the rental agreement. Guercio commenced an action to recover for his personal injuries against Frost and Hertz in the Supreme Court. In April, 1972 he recovered a judgment against Frost in the sum of $75,292.86. His complaint was dismissed as to Hertz upon the now overruled doctrine of *Gochee v Wagner* (257 NY 344). The judgment against Frost remains unsatisfied, Guercio having unsuccessfully sought to have Hertz satisfy it by way of proceedings pursuant to CPLR article 52 and section 167 of the Insurance Law. In the fall of 1974 Guercio

commenced the instant action against Hertz and thereafter moved for summary judgment. The denial of that motion is the subject of this appeal. We hold that Hertz, in its status as a self-insurer, must satisfy the Frost judgment within the limits of its self-insurance. Since the limits of coverage in this situation would be the same as if the accident had occurred while the lessee himself was driving (i.e., $100,000, $300,000), and since Frost's use was authorized by Hertz, Guercio is entitled to a judgment against Hertz in the amount of $75,292.86. It is clear that Frost must be deemed to have operated the vehicle with the actual permission of Hertz. This is so because of the *res judicata* effect of the Civil Court litigation. Furthermore, it is manifest that, if Hertz had secured a standard policy of liability insurance, its insurer would have been financially responsible for Frost's negligence, he having been a permitted user, and compelled to pay the outstanding judgment against Frost. As a matter of public policy, the result should be no different where, as here, Hertz chose to cover its rental vehicles by self-insurance. Indeed, the lease agreement provides that if liability coverage is provided by means of self-insurance, it would be comparable to a standard insurance policy as therein described. As we read the decisions in *Aetna Cas. & Sur. Co. v World Wide Rent-A-Car* (28 AD2d 286) and *Location Auto Leasing Corp. v Lembo Corp.* (62 Misc 2d 856), a self-insurer will be deemed to have undertaken to insure third parties against liability where the operation of the vehicle involved was with its consent. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.