Jasen, J.
Plaintiff Rosario Guercio rented an automobile from defendant Hertz Corporation and permitted a friend to operate the vehicle. Plaintiff was injured when, through the negligence of the driver, the rental car struck a highway abutment. In this action, plaintiff seeks to compel Hertz, as self-insurer of its rental fleet, to pay a judgment that plaintiff obtained against the driver. Plaintiffs motion for summary judgment was denied by Special Term. The Appellate Division reversed and directed the entry of judgment in favor of the plaintiff. We conclude that, pursuant to the terms of the rental agreement, Hertz was liable, in its capacity as self-insurer, for the payment of the judgment. Therefore, the order of the Appellate Division should be affirmed.
On January 25, 1968, Rosario Guercio rented an automobile from Hertz. The rental agreement contained a number of restrictions on the use of the vehicle, including a prohibition against vehicle operation by any one other than the lessee, members of the lessee’s immediate family over the age of 21, the lessee’s employer or the lessee’s employees in the regular course of business. The agreement stated that the vehicle was covered by an automobile liability policy, with liability limits of $100,000 for each person involved in an accident, $300,000 for all persons injured, and $25,000 for all claims of property damage. The policy was not applicable to liabilities occasioned by vehicle operation in violation of the terms of the rental agreement. Finally, it was provided that, where permitted by State law, "the liability coverage described above may be afforded, subject to the same terms, conditions, restrictions and limitations hereinbefore described, under a bond or self- *682 insurance or similar arrangement, in lieu of or in combination with such policy.”
Two days later, on January 27, 1968, plaintiff permitted one Raymond Frost to operate the vehicle. Plaintiff felt ill and, after relinquishing the driver’s seat to Frost, fell asleep. Frost was not a member of plaintiff’s immediate family, nor was he over 21 years old. Frost negligently drove the vehicle into an abutment on the Southern State Parkway and plaintiff was injured. At the time of the accident, Hertz was no longer covered by an automobile liability insurance policy. Instead, Hertz was acting as a self-insurer, pursuant to permission granted by the Department of Motor Vehicles.
After the accident, Hertz sued Guercio and Frost in the New York City Civil Court for the property damage to the rental car. Hertz contended that Frost had driven the vehicle negligently and that Guercio had breached the rental agreement by permitting Frost to drive. Frost defaulted and Guercio asserted a defense of express permission. The trial court charged the jury that, under the asserted defense, Guercio would not be liable if Hertz had actually given him permission to have underage friends operate the vehicle. Hertz did not object to this charge and the jury found for Guercio. After rendition of the verdict, the court dismissed Hertz’ complaint against Frost on the ground that Frost was protected by a collision damage waiver clause in the rental agreement. This clause provided that the lessee’s liability for damages to the vehicle would be limited to $100 unless the vehicle was used in violation of the rental agreement. No appeal from the determination in favor of defendants was taken.
After the termination of the property damage litigation, Guercio commenced an action for personal injuries against Frost and Hertz. At the close of plaintiff’s case, the claim against Hertz was dismissed. The court ruled that the negligence of the driver was imputed to the plaintiff passenger, thereby rendering plaintiff contributorily negligent as a matter of law. (Gochee v Wagner, 257 NY 344.) Plaintiff did recover a judgment against Frost in the amount of $75,292.86. The judgment against Frost and in favor of Hertz was entered on April 21, 1972. No appeal was taken. Nevertheless, since Frost has been unable to satisfy plaintiff’s judgment, the plaintiff sought to compel Hertz to pay for his injuries.
Plaintiff commenced a proceeding under CPLR article 52 to compel Hertz to pay the judgment on the theory that Hertz *683 was the insurer of Frost. Special Term, on May 31, 1972, denied the requested relief on the ground that the question of Hertz’ liability as an insurer should first be resolved in a plenary action. The Appellate Division affirmed. (47 AD2d 603.)
On December 27, 1973, this court overruled Gochee v Wagner (supra) and held that a plaintiff passenger may recover for negligent operation of a vehicle, regardless of his relationship to the driver, unless recovery is limited by the passenger’s own personal negligence. (Kalechman v Drew Auto Rental, 33 NY2d 397, 405.) Guercio then moved for an order setting aside the earlier dismissal of his complaint against Hertz. The motion was denied, the court ruling that Kalechman should not be retroactively applied to actions previously finally determined on the basis of existing law.
At this point Guercio commenced an action against Hertz on authority of section 167 of the Insurance Law. This statute provides that motor vehicle liabiity insurance policies must include a provision authorizing a direct action against the insurer in the event that a judgment against the insured remains unsatisfied after 30 days from the service of notice of entry of the judgment upon the attorneys for the insured and the insurer. Plaintiff’s complaint was dismissed on the ground that Frost was not covered by an insurance policy and that, in the absence of an insurance policy, an action under section 167 cannot be maintained.
On September 23, 1974, plaintiff commenced the present action. The complaint set forth a portion of the history of the litigation but did not expressly state a legal predicate for the imposition of liability on Hertz. The Supreme Court treated the action as one brought pursuant to section 167 of the Insurance Law. Insofar as it can be determined from the record, it does not appear that either party alerted the court to the earlier determination that the Insurance Law was not applicable to this action. In any event, Special Term apparently took the view that the statute was applicable, but concluded that the complaint was defective for failure to plead or prove compliance with the notice requirements contained in the statute. Hence, plaintiff’s motion for summary judgment was denied. The Appellate Division reversed, holding that Hertz, as self-insurer, was liable for the amount of the judgment. The court did not specify the procedural vehicle for the maintenance of the action. (50 AD2d 830.)
*684 We agree with the Appellate Division that Hertz is liable for the payment of the judgment plaintiff obtained against Frost. This liability does not arise, in this case, out of the simple fact of self-insurance. Rather, Hertz is liable because of the terms of self-insurance that it agreed to in its rental agreement with Guercio.
Generally, self-insurance is no insurance at all. Rather, self-insurance, in this context, is a convenient shorthand for describing the manner in which a class of vehicle owners may comply with the requirements of the Motor Vehicle Financial Security Act. The Legislature has recognized that most owners of motor vehicles do not have sufficient financial resources to assure payment of damages to persons injured by their vehicles. The Motor Vehicle Financial Security Act, by requiring vehicle owners to submit proof of financial security (either a certificate of insurance, evidence of a financial security bond, a financial security deposit, or a certificate of self-insurance) prior to registration of their vehicles, is designed to provide a means for adequate recompense. (Vehicle and Traffic Law, §§ 310, 312.) On the other hand, the Legislature also perceived that there are business concerns with adequate financial resources to cover liabilities arising from vehicle operation and to whom insurance would be an unnecessary cost. The Commissioner of the Department of Motor Vehicles is authorized to issue, in his discretion, a certificate of self-insurance to any person who is the registered owner of more than 25 vehicles, provided that the commissioner is "reasonably satisfied that such person is possesed and will continue to be possessed of financial ability to respond to judgments obtained against such person, arising out of the ownership, maintenance, use or operation of any such person’s motor vehicles.” (Vehicle and Traffic Law, § 316.) The crux of the matter is that a financially able fleet owner may avoid the necessity of obtaining liability insurance and paying insurance premiums. By undertaking to assure payment of judgments, the owner does not become an "insurer” of anything other than his own ability to pay for damages for which he is legally responsible. (See Aetna Cas. & Sur. Co. v World-Wide Rent-A-Car, 28 AD2d 286; Location Auto Leasing Corp. v Lembo Corp., 62 Misc 2d 856, 858.) In sum, self-insurance is not insurance but an assurance—an assurance that judgments will be paid.
Hertz, it is conceded, duly obtained a certificate of self-insurance. As self-insurer, Hertz is obligated only to respond *685 to judgments rendered against it. In the usual case, this obligation affords ample protection to persons injured as a result of the operation of Hertz vehicles. Such persons may commence direct actions against Hertz, as owner, and obtain judgments, provided that Hertz gave the operator of the vehicle its express or implied permission. (Vehicle and Traffic Law, § 388.) Here, in this unusual case, plaintiff was unable to obtain a judgment directly against Hertz because of Hertz’ defense of imputed contributory negligence (Gochee v Wagner; 257 NY 344, supra), a total defense no longer recognized by law (Kalechman v Drew Auto Rental, 33 NY2d 397, supra). Since plaintiff only obtained a judgment against Frost and not against Hertz, Hertz would not be liable unless it promised to provide more than the bare "self-insurance” required by statute. We believe that it did.
Hertz, in its rental agreement with Guercio, promised to maintain a liability insurance policy or, failing that, to obtain the same liability coverage under a bond or as a matter of self-insurance. Aside from the policy limits, there is no proof in the record as to the specific terms of the liability policy initially in effect. However, the policy would have included, at the direction of statute, a provision insuring the named insured against damages occasioned by the negligence of persons operating the vehicle with the express or implied consent of the insured. (Insurance Law, § 167, subd 2.) By the provision of the rental agreement, Hertz agreed to a like term in its "policy” of self-insurance. Hence, Hertz, in effect, became the insurer of Frost, since Frost was operating the vehicle with the express permission of Guercio. It bears emphasis that coverage of Frost does not arise simply because Hertz was a self-insurer. Indeed, absent further provision in its rental contract, Hertz, as a self-insurer, would not be liable for damage caused by a third party, such as Frost. Here, Hertz is liable because of the additional provision in the rental agreement that any self-insurance would be subject to the same terms of the prior liability insurance policy.
Moreover, Hertz is not relieved from liability because of the apparent violation of the terms of the rental agreement since Hertz is bound by the prior Civil Court jury finding that it gave permission to Guercio to allow underage friends to operate the rental vehicle. This factual finding was a necessary step in reaching the conclusion that Hertz could not recover for the property damage to its car and the ultimate *686 issue of consent by Hertz is identical in this action. Thus, the fact of express permission has been conclusively resolved against Hertz. (Hinchey v Sellers, 7 NY2d 287, 293-294; see Rosenberg, Collateral Estoppel in New York, 44 St John’s L Rev 165, 183-185.) In view of Hertz’ consent to the operation of its vehicle by minors, it is no longer open to Hertz to argue that such operation was in violation of the rental agreement.
The extent of Hertz’ liability should be measured by the policy limits contained within the liability insurance policy referred to in the rental agreement. Hertz had agreed to provide self-insurance subject to the same terms as the liability policy and policy limits are without doubt terms of the liability policy. The amount of plaintiffs judgment is well within the applicable policy limits.
The remaining question then is the procedural vehicle for the enforcement of Guercio’s rights against Hertz. The present action may properly be considered as brought pursuant to section 167 (subd 1, par [b]) of the Insurance Law. That statute requires that all liability insurance policies grant a right of direct action against the insurer if the insured fails to pay an injured plaintiffs judgment. Again, since Hertz’ liability policy would have contained such a provision, by virtue of the rental agreement, a like term must be read into Hertz’ self-insurance. In view of the extensive litigation, there can be no doubt that Hertz had actual knowledge, but certainly notice, of Frost’s inability to pay plaintiffs judgment.
Plaintiff also has available a second procedural vehicle for enforcement of his rights against Hertz. As Frost was an "insured” under Hertz’ "policy” of self-insurance, Hertz owed Frost a duty to provide him with a defense and to pay any resulting judgment. Since Hertz now owes Frost the duty to pay plaintiffs judgment, plaintiff, as a judgment creditor of Frost, may enforce that debt through CPLR article 52. Although it is not necessary to do so in this case, the court could convert the present action into a special proceeding under article 52 and thereby authorize a recovery. (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652.)
Since Hertz is liable to pay plaintiffs judgment and the liability can be enforced in the present action, the Appellate Division properly granted plaintiff summary judgment and its order should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*687 Order affirmed, with costs.