OPINION OF THE COURT
Shirley Werner Kornreich, J.
This is a declaratory judgment action in which plaintiff Consolidated Edison Company of New York, Inc. (plaintiff or Con Edison) seeks a declaration that defendant Liberty Mutual is obligated to indemnify it in an underlying personal injury *400 action (Rodriguez v Con Edison, Index No. 115626/00), currently pending before the Supreme Court, New York County.
Pursuant to a contract between Con Edison and Counties, Inc. of New York (Counties), Counties undertook to install new gas services, replace existing gas services, and install new plastic gas mains in Westchester County during the period February 1, 1999 through January 31, 2001. Under the terms of the contract between Con Edison and Counties, Counties was obliged to procure a policy of general liability insurance covering accidents or injuries arising out of the work, and naming Con Edison as an additional insured. Said policy was duly purchased by Counties from Liberty Mutual (General Liability Policy No. RG 1-63G-004132-017) and contains an endorsement naming Con Edison as an additional insured.
On September 30, 1999, Gonzolo Rodriguez, an employee of Counties, was injured when he stepped into a hole while engaged in installing a gas service pursuant to Counties’ contract with Con Edison. Rodriguez sued Con Edison, which in turn commenced a third-party action against Counties. Counties’ insurer, Liberty Mutual, admitted its obligation to defend Con Edison but refused to indemnify unless “Con Ed is found to be free of negligence and its liability is only vicarious.” Con Edison therefore brought the instant declaratory judgment action, and now moves for summary judgment on its claim for indemnification under its “additional insured” coverage with Liberty Mutual.
It is well settled that “additional insured” coverage provides coverage to the named additional insured without regard to negligence. (See Consolidated Edison Co. of N.Y. v Hartford Ins. Co., 203 AD2d 83 [1st Dept 1994].) Under the endorsement at issue here — which does not limit the insurer’s coverage of Con Edison to those situations in which plaintiff is only vicariously liable — Liberty Mutual is accordingly obligated to provide full primary insurance coverage to Con Edison in the underlying tort action. (See Charter Oak Fire Ins. Co. v Trustees of Columbia Univ. in City of N.Y., 198 AD2d 134, 135 [1st Dept 1993].)
In the alternative, Liberty Mutual argues that Con Edison’s “self-insurance” “should be deemed co-insurance” with Liberty Mutual’s policy, such that “the defense and indemnification costs [should be] split 50/50.” Although this issue has never been directly addressed in New York, to the extent that Liberty Mutual’s endorsement could be construed as providing coverage only to be shared with, or to contribute in “excess” of, *401 “other” applicable insurance, the court holds that “self-insurance” does not qualify as “other applicable insurance.”
A reference to “other insurance” in, e.g., an “excess provision” of an insurance contract has been found to contemplate a second policy of insurance of like kind issued by an(other) insurance company in exchange for a premium charged. (See Wake County Hosp. Sys. Inc. v National Cas. Co., 804 F Supp 768 [ED NC 1992], affd 996 F2d 1213 [4th Cir, NC 1993]; 16 G. Couch, Insurance 2d § 62.87 [rev ed 1983].) Self-insurance, on the other hand, has been defined as a representation by the self-insured entity that it has the financial means to pay any judgments against it. (See Guercio v Hertz Corp., 40 NY2d 680 [1976]; Aetna Cas. & Sur. Co. v World Wide Rent-A-Car, 28 AD2d 286 [1st Dept 1967]; People ex rel. Spitzer v ELRAC, Inc., 192 Misc 2d 78 [Sup Ct, NY County 2002].) That is, a self-insurer is not an insurer of anything other than its own ability to pay for damages for which it is legally responsible. (Id.)
Put somewhat differently, “self-insurance” does not qualify as “insurance” at all. It has even been held that “self-insurance” is the very antithesis of insurance, because “self-insurance” means the retention of the risk of loss by the one upon whom it is directly imposed by law or contract, whereas “insurance” is an agreement by means of which the insured shifts the risk of loss to an insurer. (See American Nurses Assn. v Passaic Gen. Hosp., 192 NJ Super 486, 471 A2d 66 [1984], affd in part, revd in part 98 NJ 83, 484 A2d 670 [1984]; see also United States v Newton Livestock Auction Mkt., Inc., 336 F2d 673 [10th Cir 1964].) A majority of jurisdictions across the nation subscribe to the foregoing view of self-insurance as “not insurance” in, inter alia, an “other insurance” context. (See Universal Underwriters Ins. Co. v Marriott Homes, Inc., 286 Ala 231, 238 So 2d 730 [1970]; State Farm Mut. Auto. Ins. Co. v Universal Atlas Cement Co., 406 So 2d 1184 [Fla Dist Ct App 1981], review denied 413 So 2d 877 [Fla 1982]; American Family Mut. Ins. Co. v Missouri Power & Light Co., 517 SW2d 110 [Mo 1974]; United Natl. Ins. Co. v Philadelphia Gas Works, Div. of United Gas Works Improvement Co., 221 Pa Super 161, 289 A2d 179 [1972]; Allstate Ins. Co. v Zellars, 452 SW2d 539 [Tex Civ App], mod on other grounds 462 SW2d 550 [Tex 1970]; Home Indem. v Humble Oil & Ref. Co., 159 Tex 224, 317 SW2d 515 [1958]; see also Nassau Ins. Co. v Guarascio, 82 AD2d 505 [2d Dept 1981]; 8A J. Appleman, Insurance Law and Practice § 4912 [rev ed 1981]; but cf. Hillegass v Landwehr, 176 Wis 2d 76, 499 NW2d 652 [1993]; Southern Home Ins. Co. v Burdette’s Leasing Serv., Inc., 268 SC 472, 234 SE2d 870 [1977].)
*402 Given the strong language in the New York cases defining self-insurance as “not insurance but an assurance * * * that judgments will be paid” (Guercio v Hertz Corp., supra at 684; see also Aetna Cas. & Sur. Co. v World Wide Rent-A-Car, supra; People ex rel. Spitzer v ELRAC, Inc., supra) — coupled with Con Edison’s efforts to guarantee that it would be covered under Counties’ liability policy with Liberty Mutual — the court subscribes to the majority reasoning outlined above, and concludes that, at least under the circumstances presented here, Con Edison’s “self-insurance” does not qualify as “coinsurance.”
Accordingly it is ordered that plaintiff’s motion for summary judgment is granted, and it is further adjudged and declared that Liberty Mutual is contractually bound to indemnify as well as to defend Con Edison in Rodriguez v Con Edison (Index No. 115626/00), pursuant to the “other insured” endorsement in Liberty Mutual’s General Liability Policy No. RG 1-63G-004132-017 with Counties, Inc. of New York.