(September 12, 2005)

■ AMERICAN CASUALTY OF READING, PA., Respondent, v ST. CHARLES HOSPITAL AND REHABILITATION CENTER, Appellant. [801 NYS2d 57]—

In an action for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify its insured, Karen Fitterer, a second third-party defendant in an action entitled *Copeland v Board of Coop. Educ. Servs.*, pending in the Supreme Court, Suffolk County, under index No. 09050/99, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 28, 2004, which, in effect, granted that branch of the plaintiff's motion which was to compel certain discovery and denied its cross motion for summary judgment, in effect, declaring that it is not obligated to defend and indemnify Karen Fitterer in the underlying action or to reimburse the plaintiff for the defense costs incurred in that action.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was to compel certain discovery is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify Karen Fitterer, a second third-party defendant in the underlying action entitled *Copeland v Board of Coop. Educ. Servs.*, pending in the Supreme Court, Suffolk County, under index No. 09050/99, or to reimburse the plaintiff for the defense costs incurred in that action.

The plaintiff is an insurance company which issued a policy of professional liability insurance (hereinafter the plaintiff's policy) to Karen Fitterer, a physical therapist, who was previously employed by the defendant. On February 27, 1998, a special-education student of the Central Islip Union Free School District (hereinafter CIUFSD) and the Board of Cooperative Educational Services (hereinafter BOCES) attended a program at the defendant's clinic. The child allegedly was injured on that visit during a physical therapy session. At the time of the alleged incident, the plaintiff's policy was in effect. In 1999 the child's mother commenced an action against CIUFSD and BOCES, and in 2000, BOCES, commenced separate third-party actions against the defendant herein and Fitterer. BOCES' third-party action against Fitterer sought indemnification or contribution based upon Fitterer's alleged negligence.

In 2001 the plaintiff insurer brought this action for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify Fitterer in the underlying action and to reimburse the plaintiff for the defense costs incurred in that action.

In response to a motion by the plaintiff, inter alia, to compel certain discovery, the defendant cross-moved for summary judgment, in effect, declaring, among other things, that it is not obligated to defend and indemnify Fitterer in the underlying action. The Supreme Court, in effect, granted that branch of the plaintiff's motion which was to compel discovery and denied the defendant's cross motion. We reverse.

The defendant established its entitlement to judgment as a matter of law (*see Matter of Midland Ins. Co.*, 269 AD2d 50 [2000]; *Stratford School Dist. S.A.U. No. 58 v Employers Reins. Corp.*, 162 F3d 718 [1998]; *Consolidated Edison Co. of N.Y. v Liberty Mut.*, 193 Misc 2d 399 [2002], citing, inter alia, *Guercio v Hertz Corp.*, 40 NY2d 680 [1976]) and, in response thereto, the plaintiff failed to raise a triable issue of fact (*see Zambito v Catanzaro*, 264 AD2d 839 [1999]). The defendant correctly

contended that its self-insurance to cover claims, such as the one asserted against its employee Fitterer in the underlying action, was not "other insurance" as defined in the plaintiff's policy which would obligate the defendant to defend and indemnify Fitterer in the underlying action or reimburse the plaintiff for the defense costs incurred therein (*see Matter of Midland Ins. Co., supra*; *Stratford School Dist. S.A.U. No. 58 v Employers Reins. Corp., supra*). Therefore, the Supreme Court should have granted the defendant's cross motion and denied that branch of the plaintiff's motion which was to compel discovery.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify Karen Fitterer, a second third-party defendant in the underlying action entitled *Copeland v Board of Coop. Educ. Servs.*, pending in the Supreme Court, Suffolk County, under index No. 09050/99, or to reimburse the plaintiff for the defense costs incurred therein (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.