■ JESSE STRAUSS, Appellant, v EAN HOLDINGS, LLC, et al., Appellants, CITY OF NEW YORK, Respondent. [65 NYS3d 707]—

Order, Supreme Court, New York County (James E. D'Auguste, J.), entered April 22, 2016, which granted defendant City of New York's motion to dismiss the complaint as against it, unanimously affirmed, without costs.

Plaintiff's claims for a defense and indemnity from the City were correctly dismissed as time-barred, since plaintiff failed to file the complaint within four months after he became aware of the City's determination to deny representation in the underlying action (*see* CPLR 217 [1]). Contrary to plaintiff's contentions, his demand for a defense and indemnity are subject to General Municipal Law § 50-k, which provides for the City's defense and indemnity of City employees with respect to any alleged act or omission of the employee while acting within the scope of his or her public employment and in the discharge of his or her duties.

Plaintiff's reliance on General Municipal Law § 50-k (7), which provides that "[t]he provisions of this section shall not be construed to impair, alter, limit or modify the rights and obligations of any insurer under any policy of insurance," is misplaced. "[S]elf-insurance is not insurance but an assur-

ance—an assurance that judgments will be paid" (*Guercio v Hertz Corp.*, 40 NY2d 680, 684 [1976]). While *Matter of Country-Wide Ins. Co. (Manning)* (96 AD2d 471, 472 [1st Dept 1983], *affd* 62 NY2d 748 [1984]) recognized, "as a matter of public policy," that the City is required to provide uninsured motor vehicle coverage, it does not hold that the City is an insurer that provides policies of insurance. Moreover, in contrast to *Country-Wide*, the risk that an injured party will not be able to collect from the City based on its status as an unregulated self-insurer is not present in this case (*see* Vehicle and Traffic Law § 388 [1]), and to the extent that a City employee seeks a defense and indemnification for his or her own liability, that claim is covered by General Municipal Law § 50-k.

To the extent plaintiff is still pursuing a claim against Liberty Mutual, and to the extent Liberty's cross claim against the City was dismissed, there is no basis to reinstate the cross claim, given that the City does not have any statutory obligation to defend or indemnify plaintiff. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.